UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| REUBEN KENYATTA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-849 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| CITY OF MUSKEGON HEIGHTS et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous because it is barred by the doctrine of *res judicata*.

**Discussion**

I.   Factual Allegations

Plaintiff currently is incarcerated in the Carson City Correctional Facility, although the events giving rise to his complaint occurred while he was a pretrial detainee at the Muskegon

County Jail. In his *pro se* complaint, Plaintiff sues the City of Muskegon Heights, the Muskegon Heights Police Department (Police Department), Police Chief George Smith, Detective Clifton Johnson, Mayor Rillastine Wilkins, and City Manager Melvin Burns.

Plaintiff makes the following allegations in his complaint. On May 14, 2003, while Plaintiff was incarcerated at the Muskegon County Jail, his residence at 2240 Eighth Street in Muskegon Heights was burgled. According to Plaintiff, the thieves took personal property worth more than $10,000. When Plaintiff learned of the burglary, he filed a formal complaint with the Police Department. The complaint identified possible suspects in the burglary. While awaiting a response to his complaint, Plaintiff's house was robbed for a second time. Plaintiff submitted a second complaint with the Police Department on August 26, 2003, requesting an immediate criminal investigation. Again, Plaintiff received no response. On November 25, 2003, Plaintiff filed a third complaint with the Police Department. On the same date, Plaintiff filed a citizens complaint with Defendant Wilkins.

Plaintiff received a letter from Defendant Johnson dated December 4, 2003, stating that "no police report was made of the mentioned incident," and requesting additional information. In response, Plaintiff sent Johnson a detailed account of what he knew about the robberies from his neighbors and relatives. The letter included the names of suspects and a list of stolen property. Two months passed without any word from Defendant Johnson or the Police Department. On February 4, 2004, Plaintiff wrote another letter to Defendant Johnson. Johnson replied that the Police Department had received several letters concerning an alleged burglary at 2240 Eighth Street, but due to unproven ownership of the property, Plaintiff's complaint of theft was civil in nature. Johnson directed Plaintiff to take his complaint to probate court. Plaintiff continued to write letters to Defendants Johnson and Wilkins requesting a full police investigation of the robberies at his

home. On February 27, 2004, Plaintiff received a letter from Defendant Smith indicating that Plaintiff's complaint was civil in nature and that the Police Department would not take any further action.

Plaintiff asserts various violations of state and federal law arising from Defendants' refusal to investigate the burglaries at his home and the failure to make any effort to recover his stolen property. Plaintiff's legal claims are somewhat difficult to decipher, but he alleges that Defendants conspired to violate his due process and equal protection rights. Plaintiff contends that Defendants have a "custom, practice or policy of providing discriminatory protective police services to white citizens crime victims of home burglary and denied equal treatment to Plaintiff, a minority African-American disenfranchised crime victim of home burglary." Plaintiff further alleges gross negligence, malicious abuse of authority, failure to train and/or properly supervise, and intentional infliction of emotional distress. Plaintiff seeks declaratory relief, as well as compensatory damages of two million dollars and punitive damages of seven million dollars.

## II.     Res Judicata

The broad doctrine of res judicata encompasses both claim preclusion (res judicata) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under res judicata or claim preclusion, a final judgment on the merits is an absolute bar to a subsequent action between the same parties or their privies based upon the same claims or causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). The doctrine precludes re-litigation of claims actually litigated as well as claims that could have been litigated. *See Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997). Res judicata is established by showing four elements: (1) that a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) that the second action involved the same

parties or their privies as the first; (3) that the second action raises issues actually litigated or which should have been litigated in the first action; and (4) that there is an identity of the causes of action, that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997); *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

The elements of res judicata are satisfied in this case. Plaintiff previously filed a nearly identical action in this Court, which was dismissed on August 1, 2005, for failure to state a claim. *See Kenyatta v. City of Muskegon Heights*, No. 1:05-cv-304 (W.D. Mich.). The claims therefore were fully adjudicated and determined to be without merit. In the instant action, Plaintiff sues the same six Defendants named in the previous case. The claims asserted in this case either are the same as those presented in the previous action or could have been litigated in the previous action. Finally, there is an identity of the causes of action. If Plaintiff disagreed with the Court's decision in the earlier action, his remedy was to appeal the decision to the Sixth Circuit.

A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim barred by the doctrine of res judicata lacks an arguable basis in law. *See Murray v. Reed*, No. 02-2458, 2003 WL 21377472, at *1 (6th Cir. June 12, 2003) (affirming dismissal of claim barred by res judicata as frivolous); *Taylor v. Reynolds*, No. 01-5059, 2001 WL 1450693, at *1 (6th Cir. Nov. 8, 2001) (same). Accordingly, Plaintiff's action will be dismissed as frivolous.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed as

frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it is barred by the doctrine of *res judicata*.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: February 17, 2006                         /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE